| | | |
|---|---|---|
| GOITOM HABTETSION, | ) | |
| | ) | FILED |
| Plaintiff, | ) | |
| | ) | OCT 1 9 2020 |
| v. | ) | Docket No. 3:20-cv-374 |
| | ) | **12 PERSON JURY DEMANDED** |
| RYAN M. FEDERICI and | ) | Clerk, U. S. District Court |
| NICOLE M. MAGUIRE, | ) | Eastern District of Tennessee |
| | ) | At Knoxville |
| Defendants. | ) | |

---

## ANSWER TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANT NICOLE M. MAGUIRE

---

**COMES NOW**, the Defendant, Nicole Maguire, by and through her attorney of record, and for answer to the Complaint heretofore filed in this case would state to the Court the following:

1. With respect to the averments contained in paragraph 1 of Plaintiff's Complaint, this Defendant admits that the accident giving rise to the Complaint occurred on, or about, the date cited at the approximate location stated therein. This Defendant admits co-Defendant was operating a Chevrolet Suburban. This Defendant denies co-Defendant was unlawfully operating this vehicle, and specifically denies that co-Defendant was driving under the influence. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence or extent of any injury, or other damages, allegedly sustained by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

1

2. With respect to the averments contained in paragraph 2 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the allegations contained therein.

3. With respect to the averments contained in paragraph 3 of Plaintiff's Complaint, this Defendant admits the allegations contained therein.

4. With respect to the averments contained in paragraph 4 of Plaintiff's Complaint, this Defendant admits the allegations contained therein.

5. With respect to the averments contained in paragraph 5 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the allegations contained therein.

6. With respect to the averments contained in paragraph 6 of Plaintiff's Complaint, this Defendant admits the incident complained of occurred within the judicial district in which this Complaint was filed.

7. With respect to the averments contained in paragraph 7 of Plaintiff's Complaint, this Defendant admits that the incident complained of occurred on the approximate date and at the approximate location cited. This Defendant is without sufficient knowledge, information, or belief to admit or deny the remaining allegations and therefore must deny the same. Strict proof is demanded thereof.

8. With respect to the averments contained in paragraph 8 of Plaintiff's Complaint, this Defendant admits the allegations contained therein.

9. With respect to the averments contained in paragraph 9 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff was passing lawfully, and therefore must deny the same. Strict proof is demanded

2

thereof. This Defendant denies the allegations concerning co-Defendant's conduct, specifically denying that he lost control of his vehicle, and demands strict proof thereof.

10.     With respect to the averments contained in paragraph 10 of Plaintiff's Complaint, this Defendant denies the allegation that her vehicle struck Plaintiff's vehicle first and demands strict proof thereof. This Defendant admits that the vehicles came to rest on the left side of I-81 and that his vehicle was rolled under the Plaintiff's vehicle.

11.     With respect to the averments contained in paragraph 11 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the allegations contained therein, and therefore must deny the same. Strict proof is demanded thereof.

12.     With respect to the averments contained in paragraph 12 of Plaintiff's Complaint, this Defendant objects to the inclusion of such information, as the determinations of fault by any responding officer are based upon hearsay, and thus inadmissible, and therefore should be stricken from this Complaint. To the extent a response is needed, Defendant denies the allegations contained therein, specifically denying that co-Defendant was determined to be driving under the influence. Strict proof is demanded thereof.

13.     With respect to the averments contained in paragraph 13 of Plaintiff's Complaint, this Defendant admits that she was an owner of the vehicle co-Defendant was operating. This Defendant denies that co-Defendant was an incompetent driver and/or that she had knowledge of such incompetency. Strict proof is demanded thereof.

14.     With respect to the averments contained in paragraph 14 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the

3

existence or extent of any injuries, lost wages, lost earning capacity, or other damages allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

15. With respect to the averments contained in paragraph 15 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the allegations contained therein, and therefore must deny the same. Strict proof is demanded thereof.

16. With respect to the averments contained in paragraph 16 of Plaintiff's Complaint, this Defendant incorporates by reference the responses to all previous allegations and averments as if stated herein.

17. With respect to the averments contained in paragraph 17 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, or that co-Defendant operated said vehicle in breach of any duty of care owed to the Plaintiff. Strict proof is demanded thereof.

18. With respect to the averments contained in paragraph 18 of Plaintiff's Complaint, this Defendant denies any allegation or inference that co-Defendant breached any duty of care owed to Plaintiff, specifically, but without limitation, denying that co-Defendant was under the influence of any intoxicating substance and/or nodding off to sleep, and demands strict proof thereof.

19. With respect to the averments contained in paragraph 19 of Plaintiff's Complaint, this Defendant denies any allegation or inference that co-Defendant breached any duty of care owed to Plaintiff, specifically, but without limitation, denying that co-Defendant was under the influence of any intoxicating substance and/or nodding off to sleep, and demands strict proof thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny

the existence or extent of any injury, harms, or other damages allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

20.     With respect to the averments contained in paragraph 20 of Plaintiff's Complaint, this Defendant denies any allegation or inference that co-Defendant breached any duty of care owed to Plaintiff, specifically, but without limitation, denying that co-Defendant was under the influence of any intoxicating substance and/or nodding off to sleep, and demands strict proof thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence or extent of any injury, harms, or other damages allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

21.     With respect to the averments contained in paragraph 21 of Plaintiff's Complaint, this Defendant denies any allegation or inference that co-Defendant breached any duty of care owed to Plaintiff, specifically, but without limitation, denying that co-Defendant was under the influence of any intoxicating substance and/or nodding off to sleep, and demands strict proof thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence or extent of any injury, harms, loss of income and/or future earning capacity, and/or any other damages allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

22.     With respect to the averments contained in paragraph 22 of Plaintiff's Complaint, this Defendant denies any allegation or inference that co-Defendant breached any duty of care owed to Plaintiff, specifically, but without limitation, denying that co-Defendant was under the influence of any intoxicating substance and/or nodding off to sleep, and demands strict proof thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence or extent of any injury, harms, loss of income, whether past or present, and/or other

5

damages allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

23. With respect to the averments contained in paragraph 23 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant specifically, but without limitation, denying that co-Defendant was under the influence of any intoxicating substance and/or nodding off to sleep, and demands strict proof thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence or extent of any injury, harms, or other damages allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

24. With respect to the averments contained in paragraph 24 of Plaintiff's Complaint, this Defendant denies any allegation or inference that co-Defendant breached any duty of care owed to Plaintiff, specifically, but without limitation, denying that co-Defendant was under the influence of any intoxicating substance and/or nodding off to sleep, and demands strict proof thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the cause, existence, or extent of any injury, harms, loss of income, whether past or present, and/or other damages allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

25. With respect to the averments contained in paragraph 25 of Plaintiff's Complaint, this Defendant incorporates by reference the responses to all previous allegations and averments as if stated herein.


26. With respect to the averments contained in paragraph 26 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*,

6

and/or unlawful operation of the vehicle on the part of co-Defendant and demands strict proof thereof.

27.     With respect to the averments contained in paragraph 27 of Plaintiff's Complaint, this Defendant denies any allegation or inference that co-Defendant's actions violated any duty that may have been owed to Plaintiff and demands strict proof thereof.

28.     With respect to the averments contained in paragraph 28 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any injury or damages allegedly suffered by Plaintiff and therefore must deny the same.  Strict proof is demanded thereof.  This Defendant denies that co-Defendant violated the traffic laws cited therein, and demands strict proof thereof.

29.     With respect to the averments contained in paragraph 29 of Plaintiff's Complaint, this Defendant incorporates by reference the responses to all previous allegations and averments as if stated herein.

30.     With respect to the averments contained in paragraph 30 of Plaintiff's Complaint, this Defendant denies the allegations contained therein.  Strict proof is demanded thereof.

31.     With respect to the averments contained in paragraph 31 of Plaintiff's Complaint, this Defendant denies the allegations contained therein.  Strict proof is demanded thereof.

32.     With respect to the averments contained in paragraph 32 of Plaintiff's Complaint, this Defendant denies the allegations contained therein.  Strict proof is demanded thereof.

33.     With respect to the averments contained in paragraph 33 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any injury or damages allegedly suffered by Plaintiff and therefore

7

must deny the same. Strict proof is demanded thereof. This Defendant denies that he violated the traffic laws cited therein, and demands strict proof thereof.

34. With respect to the averments contained in paragraph 34 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any injury or damages allegedly suffered by Plaintiff and therefore must deny the same. Strict proof is demanded thereof. This Defendant denies that co-Defendant violated the traffic laws cited therein, and demands strict proof thereof.

35. With respect to the averments contained in paragraph 35 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any injury or damages allegedly suffered by Plaintiff and therefore must deny the same. Strict proof is demanded thereof. This Defendant denies that co-Defendant violated the traffic laws cited therein, and demands strict proof thereof.

36. With respect to the averments contained in paragraph 36 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any injury or damages allegedly suffered by Plaintiff and therefore must deny the same. Strict proof is demanded thereof. This Defendant denies that co-Defendant violated the traffic laws cited therein, and demands strict proof thereof.

37. With respect to the averments contained in paragraph 37 of Plaintiff's Complaint, this Defendant denies the allegations contained therein. Strict proof is demanded thereof.

38. With respect to the averments contained in paragraph 38 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any injury or damages allegedly suffered by Plaintiff and therefore

must deny the same. Strict proof is demanded thereof. This Defendant denies that co-Defendant violated the traffic laws cited therein, and demands strict proof thereof.

39. With respect to the averments contained in paragraph 39 of Plaintiff's Complaint, this Defendant incorporates by reference the responses to all previous allegations and averments as if stated herein.

40. With respect to the averments contained in paragraph 40 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part co-Defendant and/or any allegation or inference that co-Defendant violated the cited statute. Strict proof is demanded thereof.

41. With respect to the averments contained in paragraph 41 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant, that co-Defendant failed to exercise due care, and/or any allegation or inference that co-Defendant violated the cited statute. Strict proof is demanded thereof.

42. With respect to the averments contained in paragraph 42 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the intent of the Tennessee Legislature in enacting the provisions cited, and therefore must deny the same, strict proof is demanded thereof. This Defendant denies any allegation or inference of negligence, including negligence *per se*, as it pertains to co-Defendant actions, and demands strict proof thereof.

43. With respect to the averments contained in paragraph 43 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant, that co-Defendant failed to exercise due care, and/or any allegation or inference that co-Defendant violated the cited statute. Strict proof is demanded thereof. This

9

Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any injury or damages allegedly suffered by Plaintiff and therefore must deny the same. Strict proof is demanded thereof.

44.     With respect to the averments contained in paragraph 44 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant, that co-Defendant failed to exercise due care, and/or any allegation or inference that co-Defendant violated the cited statute. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any injury or damages allegedly suffered by Plaintiff and therefore must deny the same. Strict proof is demanded thereof.

45.     With respect to the averments contained in paragraph 45 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant, that co-Defendant failed to exercise due care, and/or any allegation or inference that co-Defendant violated the cited statute. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any injury or damages allegedly suffered by Plaintiff and therefore must deny the same. Strict proof is demanded thereof.

46.     With respect to the averments contained in paragraph 46 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant, that co-Defendant failed to exercise due care, and/or any allegation or inference that co-Defendant violated the cited statute. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any injury or damages allegedly suffered by Plaintiff and therefore must deny the

same. Strict proof is demanded thereof. This Defendant denies that Plaintiff is free from any contribution and demands strict proof thereof.

47. With respect to the averments contained in paragraph 47 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant, that co-Defendant failed to exercise due care, and/or any allegation or inference that co-Defendant violated the cited statute. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any injury or damages allegedly suffered by Plaintiff and therefore must deny the same. Strict proof is demanded thereof.

48. With respect to the averments contained in paragraph 48 of Plaintiff's Complaint, this Defendant incorporates by reference the responses to all previous allegations and averments as if stated herein.

49. With respect to the averments contained in paragraph 49 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant and/or any allegation or inference that co-Defendant violated the cited statute. Strict proof is demanded thereof.

50. With respect to the averments contained in paragraph 50 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant and/or any allegation or inference that co-Defendant violated the cited statutes. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein, and therefore must deny the same. Strict proof is demanded thereof.

11

51.     With respect to the averments contained in paragraph 51 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the intent of the Tennessee Legislature in enacting the provisions cited, and therefore must deny the same, strict proof is demanded thereof.  This Defendant denies any allegation or inference of negligence, including negligence *per se*, as it pertains to co-Defendant's actions, and demands strict proof thereof.  This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein, and therefore must deny the same.  Strict proof is demanded thereof.

52.     With respect to the averments contained in paragraph 52 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant and/or any allegation or inference that co-Defendant violated the cited statutes. Strict proof is demanded thereof.  This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein or the existence and/or extent of any other injury allegedly suffered by Plaintiff, and therefore must deny the same.  Strict proof is demanded thereof.

53.     With respect to the averments contained in paragraph 53 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant and/or any allegation or inference that co-Defendant violated the cited statutes. Strict proof is demanded thereof.  This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein or the existence and/or extent of any other injury

allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

54. With respect to the averments contained in paragraph 54 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant and/or any allegation or inference that co-Defendant violated the cited statutes. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein or the existence and/or extent of any other injury allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

55. With respect to the averments contained in paragraph 55 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant, that co-Defendant failed to exercise due care, and/or any allegation or inference that co-Defendant violated the cited statute. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein or the existence and/or extent of any other injury allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof. This Defendant denies that Plaintiff is free from any contribution and demands strict proof thereof.

56. With respect to the averments contained in paragraph 56 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant, and/or any allegation or inference that co-Defendant violated the cited statutes. Strict proof is demanded thereof. This Defendant is without sufficient knowledge,

13

information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein or the existence and/or extent of any other injury allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

57.     With respect to the averments contained in paragraph 57 of Plaintiff's Complaint, this Defendant incorporates by reference the responses to all previous allegations and averments as if stated herein.

58.     With respect to the averments contained in paragraph 58 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, as it pertains to co-Defendant's actions, and demands strict proof thereof. This Defendant further denies that co-Defendant was driving in a reckless manner, demanding strict proof thereof.

59.     With respect to the averments contained in paragraph 59 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant and/or that co-Defendant violated any duty owed to Plaintiff, and/or that co-Defendant operated the vehicle in willful or wanton disregard for the safety of others, and demands strict proof thereof.

60.     With respect to the averments contained in paragraph 60 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the intent of the Tennessee Legislature in enacting the provisions cited, and therefore must deny the same, strict proof is demanded thereof. This Defendant denies any allegation or inference of negligence, including negligence *per se*, as it pertains to co-Defendant's actions, and demands strict proof thereof. This Defendant is without sufficient knowledge, information, or belief to

14

admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein, and therefore must deny the same. Strict proof is demanded thereof.

61. With respect to the averments contained in paragraph 61 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant and/or any allegation or inference that co-Defendant violated the cited statutes. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein or the existence and/or extent of any other injury allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

62. With respect to the averments contained in paragraph 62 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant and/or any allegation or inference that co-Defendant violated the cited statutes. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein or the existence and/or extent of any other injury allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

63. With respect to the averments contained in paragraph 63 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant and/or any allegation or inference that co-Defendant violated the cited statutes. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as

15

contemplated by the statute cited therein or the existence and/or extent of any other injury allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

64.     With respect to the averments contained in paragraph 64 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant and/or any allegation or inference that co-Defendant violated the cited statutes. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein or the existence and/or extent of any other injury allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof. This Defendant denies that Plaintiff was free from contribution in causing the accident complained of, and demands strict proof thereof.

65.     With respect to the averments contained in paragraph 65 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant and/or any allegation or inference that co-Defendant violated the cited statutes. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein or the existence and/or extent of any other injury allegedly suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

66.     With respect to the averments contained in paragraph 66 of Plaintiff's Complaint, this Defendant incorporates by reference the responses to all previous allegations and averments as if stated herein.

16

67. With respect to the averments contained in paragraph 67, including sub-paragraph 1, of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant and specifically, but without limitation, denies that co-Defendant was driving under the influence of any substance or intoxicant. Strict proof is demanded thereof.

68. With respect to the averments contained in paragraph 68 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant and specifically, but without limitation, denies that co-Defendant was driving under the influence of any substance or intoxicant. Strict proof is demanded thereof.

69. With respect to the averments contained in paragraph 69 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the intent of the Tennessee Legislature in enacting the provisions cited, and therefore must deny the same, strict proof is demanded thereof. This Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant, specifically, but not limited to, operating a vehicle under the influence of any substance or intoxicant. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein, and therefore must deny the same. Strict proof is demanded thereof.

70. With respect to the averments contained in paragraph 70 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant, specifically, but not limited to, operating a vehicle under the influence of any substance or intoxicant. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious

bodily injury" as contemplated by the statute cited therein and/or any other injury or damages alleged by Plaintiff as a result of the incident complained of, and therefore must deny the same. Strict proof is demanded thereof.

71.     With respect to the averments contained in paragraph 71 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant, specifically, but not limited to, operating a vehicle under the influence of any substance or intoxicant. Strict proof is demanded thereof.  This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other injury or damages alleged by Plaintiff as a result of the incident complained of, and therefore must deny the same. Strict proof is demanded thereof.

72.     With respect to the averments contained in paragraph 72 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant, specifically, but not limited to, operating a vehicle under the influence of any substance or intoxicant. Strict proof is demanded thereof.  This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other injury or damages alleged by Plaintiff as a result of the incident complained of, and therefore must deny the same. Strict proof is demanded thereof.

73.     With respect to the averments contained in paragraph 73 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant, specifically, but not limited to, operating a vehicle under the influence of any substance or intoxicant. Strict proof is demanded thereof.  This Defendant is without

18

sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other injury or damages alleged by Plaintiff as a result of the incident complained of, and therefore must deny the same. Strict proof is demanded thereof. This Defendant denies that Plaintiff is free from any contribution in causing the incident complained of. Strict proof is demanded thereof.

74. With respect to the averments contained in paragraph 74 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant, specifically, but not limited to, operating a vehicle under the influence of any substance or intoxicant. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other injury or damages alleged by Plaintiff as a result of the incident complained of, and therefore must deny the same. Strict proof is demanded thereof.

75. With respect to the averments contained in paragraph 75 of Plaintiff's Complaint, this Defendant incorporates by reference the responses to all previous allegations and averments as if stated herein.

76. With respect to the averments contained in paragraph 76 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se,* on the part of co-Defendant and strict proof is demanded thereof.

77. With respect to the averments contained in paragraph 77 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant and strict proof is demanded thereof.

19

78.    With respect to the averments contained in paragraph 78 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the intent of the Tennessee Legislature in enacting the provisions cited, and therefore must deny the same, strict proof is demanded thereof.   This Defendant denies any allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof.  This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein, and therefore must deny the same.  Strict proof is demanded thereof.

79.    With respect to the averments contained in paragraph 79 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se,* on the part of co-Defendant.  Strict proof is demanded thereof.  This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other injury or damages alleged by Plaintiff as a result of the incident complained of, and therefore must deny the same.  Strict proof is demanded thereof.

80.    With respect to the averments contained in paragraph 80 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant.  Strict proof is demanded thereof.  This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other injury or damages alleged by Plaintiff as a result of the incident complained of, and therefore must deny the same.  Strict proof is demanded thereof.

81.     With respect to the averments contained in paragraph 81 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other injury or damages alleged by Plaintiff as a result of the incident complained of, and therefore must deny the same. Strict proof is demanded thereof.

82.     With respect to the averments contained in paragraph 82 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other injury or damages alleged by Plaintiff as a result of the incident complained of, and therefore must deny the same. Strict proof is demanded thereof. This Defendant denies that Plaintiff was free from any contribution in causing the incident complained of. Strict proof is demanded thereof.

83.     With respect to the averments contained in paragraph 83 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, on the part of co-Defendant. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other injury or damages alleged by Plaintiff as a result of the incident complained of, and therefore must deny the same. Strict proof is demanded thereof.

21

84. With respect to the averments contained in paragraph 84 of Plaintiff's Complaint, this Defendant incorporates by reference the responses to all previous allegations and averments as if stated herein.

85. With respect to the averments contained in paragraph 85, including sub-paragraphs 1 – 7, of Plaintiff's Complaint, this Defendant admits that she was an owner of the vehicle he was operating. This Defendant denies any violation of any of the common law duties listed. To the extent there is any allegation of inference of negligence, this Defendant denies the same. Strict proof is demanded thereof.

86. With respect to the averments contained in paragraph 21 of Plaintiff's Complaint, this Defendant denies the allegations contained therein. Strict proof is demanded thereof.

87. With respect to the averments contained in paragraph 21 of Plaintiff's Complaint, this Defendant realleges and reincorporates all responses previously given herein, specifically denying all allegations or inferences of negligence, including negligence *per se*, on the part of co-Defendant. Strict proof is demanded thereof. This Defendant also denies any allegations or inferences of negligence lodged against her. Strict proof is demanded thereof.

88. With respect to the averments contained in paragraph 88 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages alleged by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

89. With respect to the averments contained in paragraph 89 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se,* and demands strict proof thereof. This Defendant is without sufficient knowledge, information, or

belief to admit or deny the existence and/or extent of any personal injury or other damages alleged by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

90. With respect to the averments contained in paragraph 90 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se,* and demands strict proof thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages alleged by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

91. With respect to the averments contained in paragraph 91 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se,* and demands strict proof thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages alleged by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

92. With respect to the averments contained in paragraph 92 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se,* and demands strict proof thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages alleged by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof. This Defendant denies that Plaintiff was free from any contribution in causing the incident complained of. Strict proof is demanded thereof.

93. With respect to the averments contained in paragraph 93 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se,* and demands strict proof thereof. This Defendant is without sufficient knowledge, information, or

23

belief to admit or deny the existence and/or extent of any personal injury or other damages alleged by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

94. With respect to the averments contained in paragraph 94 of Plaintiff's Complaint, this Defendant incorporates by reference the responses to all previous allegations and averments as if stated herein.

95. With respect to the averments contained in paragraph 95 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and demands strict proof thereof.

96. With respect to the averments contained in paragraph 96, including sub-paragraphs 1 – 3, of Plaintiff's Complaint, this Defendant realleges and reincorporates all responses previously given herein, denying all allegations or inferences of negligence, including negligence *per se,* specifically, but without limitation, denying that co-Defendant was operating said vehicle under the influence of any substance and/or intoxicant. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages alleged by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

97. With respect to the averments contained in paragraph 97 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the intent of the Tennessee Legislature in enacting the provisions cited, and therefore must deny the same, strict proof is demanded thereof. This Defendant denies any allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered

"serious bodily injury" as contemplated by the statute cited therein, and therefore must deny the same. Strict proof is demanded thereof.

98. With respect to the averments contained in paragraph 98 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein, and therefore must deny the same. Strict proof is demanded thereof.

99. With respect to the averments contained in paragraph 99 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other personal injury or other damages, and therefore must deny the same. Strict proof is demanded thereof.

100. With respect to the averments contained in paragraph 100 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other personal injury or other damages, and therefore must deny the same. Strict proof is demanded thereof.

101. With respect to the averments contained in paragraph 101 of Plaintiff's Complaint, this Defendant this Defendant denies any allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious

25

bodily injury" as contemplated by the statute cited therein and/or any other personal injury or other damages, and therefore must deny the same. Strict proof is demanded thereof. This Defendant denies that Plaintiff was free from any contribution in causing the incident complained of. Strict proof is demanded thereof.

102. With respect to the averments contained in paragraph 102 of Plaintiff's Complaint, this Defendant this Defendant denies any allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other personal injury or other damages, and therefore must deny the same. Strict proof is demanded thereof.

103. With respect to the averments contained in paragraph 103 of Plaintiff's Complaint, this Defendant incorporates by reference the responses to all previous allegations and averments as if stated herein.

104. With respect to the averments contained in paragraph 104 of Plaintiff's Complaint, this Defendant this Defendant denies any allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof.

105. With respect to the averments contained in paragraph 105 of Plaintiff's Complaint, this Defendant this Defendant denies any allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof.

106. With respect to the averments contained in paragraph 106 of Plaintiff's Complaint, this Defendant is without sufficient knowledge, information, or belief to admit or deny the intent of the Tennessee Legislature in enacting the provisions cited, and therefore must deny the same, strict proof is demanded thereof. This Defendant this Defendant denies any

26

allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other personal injury or other damages, and therefore must deny the same. Strict proof is demanded thereof.

107.    With respect to the averments contained in paragraph 107 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other personal injury or other damages, and therefore must deny the same. Strict proof is demanded thereof.

108.    With respect to the averments contained in paragraph 108 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other personal injury or other damages, and therefore must deny the same. Strict proof is demanded thereof.

109.    With respect to the averments contained in paragraph 109 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other personal injury or other damages, and therefore must deny the same. Strict proof is demanded thereof.

110. With respect to the averments contained in paragraph 110 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other personal injury or other damages, and therefore must deny the same. Strict proof is demanded thereof. This Defendant denies that Plaintiff was free from any fault in contributing to the incident complained of. Strict proof is demanded thereof.

111. With respect to the averments contained in paragraph 111 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*. Strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny that Plaintiff suffered "serious bodily injury" as contemplated by the statute cited therein and/or any other personal injury or other damages, and therefore must deny the same. Strict proof is demanded thereof.

112. With respect to the averments contained in paragraph 112 of Plaintiff's Complaint, this Defendant incorporates by reference the responses to all previous allegations and averments as if stated herein.

113. With respect to the averments contained in paragraph 113 of Plaintiff's Complaint, this Defendant admits she was an owner of the vehicle he was operating at the time of the incident.

114. With respect to the averments contained in paragraph 114 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence

28

*per se*. Strict proof is demanded thereof. This Defendant denies that co-Defendant was incompetent to operate the vehicle co-Defendant was operating and demands strict proof thereof.

115. With respect to the averments contained in paragraph 115 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se,* and specifically, but without limitation, denies that co-Defendant was under the influence of any substance or intoxicant, therefore this Defendant could have no such knowledge. Strict proof is demanded thereof.

116. With respect to the averments contained in paragraph 116 of Plaintiff's Complaint, this Defendant admits she was an owner of the vehicle being operated by co-Defendant. This Defendant denies the remaining allegations contained therein, and demands strict proof thereof.

117. With respect to the averments contained in paragraph 117 of Plaintiff's Complaint, this Defendant denies co-Defendant was incompetent to operate the vehicle in question, and therefore this Defendant could have no such knowledge. Strict proof is demanded thereof.

118. With respect to the averments contained in paragraph 118 of Plaintiff's Complaint, this Defendant admits that she was an owner of the vehicle in question and was also a passenger at the time of the accident. This Defendant denies any allegation or inference of negligence, including negligence *per se*, and demands strict proof thereof.

119. With respect to the averments contained in paragraph 119 of Plaintiff's Complaint, this Defendant denies co-Defendant was incompetent to operate the vehicle in question, and therefore this Defendant could have no such knowledge. Strict proof is demanded

29

thereof. This Defendant denies any allegation or inference of negligence, including negligence *per se*, and strict proof is demanded thereof.

120. With respect to the averments contained in paragraph 120 of Plaintiff's Complaint, this Defendant denies co-Defendant was incompetent to operate the vehicle in question, and therefore this Defendant could have no such knowledge. Strict proof is demanded thereof. This Defendant denies any allegation or inference of negligence, including negligence *per se*, and strict proof is demanded thereof.

121. With respect to the averments contained in paragraph 121, including sub-paragraphs 1 – 7, of Plaintiff's Complaint, this Defendant denies co-Defendant was incompetent to operate the vehicle in question, and therefore this Defendant could have no such knowledge. Specifically, but without limitation, this Defendant denies co-Defendant was operating the vehicle under the influence of any substance and/or intoxicant. Strict proof is demanded thereof. This Defendant denies any allegation or inference of negligence, including negligence *per se*, and strict proof is demanded thereof.

122. With respect to the averments contained in paragraph 122 of Plaintiff's Complaint, this Defendant denies co-Defendant was incompetent to operate the vehicle in question, and therefore this Defendant could have no such knowledge. Strict proof is demanded thereof. This Defendant denies any allegation or inference of negligence, including negligence *per se*, and strict proof is demanded thereof.

123. With respect to the averments contained in paragraph 123 of Plaintiff's Complaint, this Defendant denies co-Defendant was incompetent to operate the vehicle in question, and therefore this Defendant could have no such knowledge and thus could not have breached said duties. Specifically, but without limitation, this Defendant denies co-Defendant

30

was operating the vehicle under the influence of any substance and/or intoxicant. Strict proof is demanded thereof. This Defendant denies any allegation or inference of negligence, including negligence *per se*, and strict proof is demanded thereof.

124. With respect to the averments contained in paragraph 124 of Plaintiff's Complaint, this Defendant denies co-Defendant was incompetent to operate the vehicle in question, and therefore this Defendant could have no such knowledge. Strict proof is demanded thereof. This Defendant denies any allegation or inference of negligence, including negligence *per se*, and strict proof is demanded thereof.

125. With respect to the averments contained in paragraph 125 of Plaintiff's Complaint, this Defendant denies co-Defendant was incompetent to operate the vehicle in question, and therefore this Defendant could have no such knowledge to make out a claim for negligent entrustment. Strict proof is demanded thereof. This Defendant denies any allegation or inference of negligence, including negligence *per se*, and strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

126. With respect to the averments contained in paragraph 126 of Plaintiff's Complaint, this Defendant denies co-Defendant was incompetent to operate the vehicle in question, and therefore this Defendant could have no such knowledge to make out a claim for negligent entrustment. Strict proof is demanded thereof. This Defendant denies any allegation or inference of negligence, including negligence *per se*, and strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence

31

and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

127. With respect to the averments contained in paragraph 127 of Plaintiff's Complaint, this Defendant denies co-Defendant was incompetent to operate the vehicle in question, and therefore this Defendant could have no such knowledge to make out a claim for negligent entrustment. Strict proof is demanded thereof. This Defendant denies any allegation or inference of negligence, including negligence *per se*, and strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

128. With respect to the averments contained in paragraph 128 of Plaintiff's Complaint, this Defendant denies co-Defendant was incompetent to operate the vehicle in question, and therefore this Defendant could have no such knowledge to make out a claim for negligent entrustment. Strict proof is demanded thereof. This Defendant denies any allegation or inference of negligence, including negligence *per se*, and strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

129. With respect to the averments contained in paragraph 129 of Plaintiff's Complaint, this Defendant denies co-Defendant was incompetent to operate the vehicle in question, and therefore this Defendant could have no such knowledge to make out a claim for negligent entrustment. Strict proof is demanded thereof. This Defendant denies any allegation or inference of negligence, including negligence *per se*, and strict proof is demanded thereof. This

32

Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

130. With respect to the averments contained in paragraph 130 of Plaintiff's Complaint, this Defendant incorporates by reference the responses to all previous allegations and averments as if stated herein.

131. With respect to the averments contained in paragraph 131 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence on the part of herself or co-Defendant. Specifically, but without limitation, this Defendant denies that co-Defendant operated his vehicle in a willful, wanton, or reckless manner, that co-Defendant operated his vehicle with a conscious neglect of duty and/or a callous indifference to consequences, or that co-Defendant was under the influence of any substance or intoxicant. Strict proof is demanded thereof.

132. With respect to the averments contained in paragraph 132 of Plaintiff's Complaint, this Defendant denies the allegations contained therein, specifically, but without limitation, that co-Defendant breached any duty of care owed to the Plaintiff and/or any allegation or inference of negligence, including negligence *per se* and/or gross negligence on the part of herself or co-Defendant. Strict proof is demanded thereof.

133. With respect to the averments contained in paragraph 133 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence on the part of herself or co-Defendant, and strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to

33

admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

134. With respect to the averments contained in paragraph 134 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence on the part of herself or co-Defendant, and strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

135. With respect to the averments contained in paragraph 135 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence on the part of herself or co-Defendant, and strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

136. With respect to the averments contained in paragraph 136 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence on the part of herself or co-Defendant, and strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

137. With respect to the averments contained in paragraph 137 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence on the part of herself or co-Defendant, and strict proof is

34

demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof. This Defendant also denies that Plaintiff was free from any contribution in causing this incident and demands strict proof thereof.

138.    With respect to the averments contained in paragraph 138 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence on the part of herself or co-Defendant, and strict proof is demanded thereof. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

139.    With respect to the averments contained in paragraph 139 of Plaintiff's Complaint, this Defendant incorporates by reference the responses to all previous allegations and averments as if stated herein.

140.    With respect to the averments contained in paragraph 140 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se*, as it pertains to her actions or those of co-Defendant, and demands strict proof thereof. Specifically, but without limitation, this Defendant denies co-Defendant operated his vehicle in such a manner, therefore this Defendant could have no such knowledge of the alleged behavior. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any property damage alleged by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

141. With respect to the averments contained in paragraph 141 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence on behalf of herself or co-Defendant, and strict proof is demanded thereof. Specifically, but without limitation, this Defendant denies co-Defendant operated his vehicle in such a manner, therefore this Defendant could have no such knowledge of the alleged behavior. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

142. With respect to the averments contained in paragraph 142 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence on behalf of herself or co-Defendant, and strict proof is demanded thereof. Specifically, but without limitation, this Defendant denies co-Defendant operated his vehicle in such a manner, therefore this Defendant could have no such knowledge of the alleged behavior. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

143. With respect to the averments contained in paragraph 143 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence on behalf of herself or co-Defendant, and strict proof is demanded thereof. Specifically, but without limitation, this Defendant denies co-Defendant operated his vehicle in such a manner, therefore this Defendant could have no such knowledge of the alleged behavior. This Defendant is without sufficient knowledge, information, or belief to admit or

36

deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

144. With respect to the averments contained in paragraph 144 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence on behalf of herself or co-Defendant, and strict proof is demanded thereof. Specifically, but without limitation, this Defendant denies co-Defendant operated his vehicle in such a manner, therefore this Defendant could have no such knowledge of the alleged behavior. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

145. With respect to the averments contained in paragraph 145 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence on behalf of herself or co-Defendant, and strict proof is demanded thereof. Specifically, but without limitation, this Defendant denies co-Defendant operated his vehicle in such a manner, therefore this Defendant could have no such knowledge of the alleged behavior. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

146. With respect to the averments contained in paragraph 146 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence on behalf of herself or co-Defendant, and strict proof is demanded thereof. Specifically, but without limitation, this Defendant denies co-Defendant operated his vehicle in such a manner, therefore this Defendant could have no such knowledge of the alleged

behavior. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

147. With respect to the averments contained in paragraph 147 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence on behalf of herself or co-Defendant, and strict proof is demanded thereof. Specifically, but without limitation, this Defendant denies co-Defendant operated his vehicle in such a manner, therefore this Defendant could have no such knowledge of the alleged behavior. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof. Furthermore, this Defendant denies that Plaintiff was free from any contribution in causing the incident complained of. Strict proof is demanded thereof.

148. With respect to the averments contained in paragraph 148 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence on behalf of herself or co-Defendant, and strict proof is demanded thereof. Specifically, but without limitation, this Defendant denies co-Defendant operated his vehicle in such a manner, therefore this Defendant could have no such knowledge of the alleged behavior. This Defendant is without sufficient knowledge, information, or belief to admit or deny the existence and/or extent of any personal injury or other damages suffered by Plaintiff, and therefore must deny the same. Strict proof is demanded thereof.

38

149.     With respect to the averments contained in paragraph 149 of Plaintiff's Complaint, this Defendant incorporates by reference the responses to all previous allegations and averments as if stated herein.

150.     With respect to the averments contained in paragraph 21 of Plaintiff's Complaint, this Defendant denies any allegation or inference of negligence, including negligence *per se* and/or gross negligence, and/or in a willful, wanton, and/or reckless manner, specifically, but without limitation, any allegation that co-Defendant was under the influence of any substance and/or intoxicant. Strict proof is demanded thereof. Based upon the foregoing, this Defendant denies that the Plaintiff is entitled to the recovery of punitive damages. Strict proof is demanded thereof.

151. This Defendant denies each and every allegation of Plaintiff's Complaint not specifically and expressly admitted or denied herein.

### AFFIRMATIVE DEFENSES

1.     The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     With respect to any claim for punitive damages, Defendant would show that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.     This Defendant alleges that the negligence of the Plaintiff accounted for 50% or more of the total negligence that proximately caused the injuries or damages to Plaintiff, which negligence would bar recovery or in the alternative that the negligence of Plaintiff accounted for less than 50% of the total negligence that proximately caused the injuries or damages to the Plaintiff which would reduce recovery.

39

4. Defendant demands a bifurcated trial, and demands that the issues of Defendant's liability for compensatory and punitive damages be bifurcated from the trial of the issues of the amount of punitive damages, if any.

5. Defendant hereby pleads the relevant statutes and ordinances that apply or may apply to the facts of this case as they develop through discovery and respectfully reserves the right to amend these affirmative defenses to specifically plead the appropriate statutes and ordinances at the appropriate time.

**WHEREFORE, HAVING FULLY ANSWERED,** Defendant, Nicole Maguire prays:

1. That Plaintiff's Complaint and each cause of action therein be dismissed with prejudice;

2. That this Defendant be awarded her costs of suit, including reasonable attorney's fees; and

3. That this Court order such other and further relief in this Defendant's favor as the Court may find just and proper.

Respectfully submitted,


*/s/ David R. Houbre*
**David R. Houbre, Esq. (BPR # 029221)**
*Attorney for Defendant, Nicole Maguire*
Law Office of Christopher H. Underwood, II
The Pinnacle Building
412 N. Cedar Bluff Road, Suite 404
Knoxville, TN 37923
Phone: (865) 539-3559
Fax: (865) 539-3965

40

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon counsel for the Plaintiff, via ECF and/or by placing a true and correct copy of same in the United States Mail, postage prepaid, in a properly addressed envelope; via facsimile; or by hand delivering same, as follows:

Gabriel A. Riveros, Esq.
The Riveros Law Firm, PLLC
1925 E. Belt Line Road, Suite 420
Carrrollton, TX 75006

On this the _15th_ day of October, 2020.

/s/ *David R. Houbre*
**David R. Houbre**